I, MARVIN, Chief Judge.
We do not find constitutionally excessive a mid-range sentence of 15 years at hard labor for possessing with intent to distribute more than three pounds of marijuana in this appeal by Richard Myriek, a 35-year-old Alabaman who bargained to plead guilty in return for the dismissal of the same charge against his female traveling companion, driver of the vehicle in which the contraband was found. La. R.S. 40:966. This conviction is Myriek’s fifth conviction of drug-related charges and his fourth felony conviction.
Having bought the marijuana in Fort Worth, Myriek was a passenger in the car driven by his co-defendant on July 21, 1995, when the car was stopped for a traffic offense on Interstate 20 in Bossier Parish.
Myriek’s criminal history includes:
—A violation of the Aabama Controlled Dangerous Substances Act in 1982, apparently for possession of marijuana, for which Myriek received a two-year probated sentence in June 1984.
—A guilty plea to simple possession of marijuana in Covington, Louisiana, in November 1986, in exchange for the dismissal of other charges: possessing LSD with intent to distribute, second offense possession of marijuana, and possession of a weapon. Myriek was arrested on these charges in May 1986, while on probation for the Alabama drug offense. Myrick’s six-month jail sentence for his second conviction was suspended and he was again placed on two years’ probation in November 1986.
—Criminal solicitation of a controlled dangerous substance in Alabama in December 1988. Myriek pleaded guilty to the reduced charge of attempted possession and received a seven-year hard labor sentence in July 1989.
—A 1990 federal charge in Birmingham, Aabama, of conspiracy to distribute cocaine, to which Myriek again pleaded guilty, receiving a 16-month sentence.
It is unclear from the PSI whether Myriek’s release on parole in October 1993 relates to the state criminal solicitation charge or the federal conspiracy charge.
The five-year “hiatus” between the 1990 offense and the present offense committed in 1995, which Myriek urges as a mitigating factor, appears to be attributable at least in part to the fact that Myriek spent some of those years in jail. laAs the trial court noted, Myrick’s prior sentences of probation and incarceration have not tempered his involvement with illegal drug dealings. Bom in 1960, Myriek, a high school graduate, is not a youthful offender.
As he argues, Myriek’s criminal history is “exclusively drag-related” and does not involve violence against persons or property. His criminal record nonetheless reflects his deliberate choice to engage in criminal activity, presumably for financial gain and in disregard of the legal consequences and societal effect of his deliberate conduct. The 15-year sentence is one half of the maximum term of imprisonment for this offense.
Considering the totality of Myrick’s circumstances, we do not find the sentence excessive by constitutional standards. See and compare State v. Segura, 546 So.2d 1347 (La.App. 3d Cir.1989) and State v. Laviolette, 576 So.2d 1000 (La.App. 3d Cir.1991) (on rehearing), writ denied.
AFFIRMED.